**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                            CASE NO: 3:14-cr-44-J-32JRK

MARLIN EUGENE METTE          ORDER ON MOTION FOR
                             SENTENCE REDUCTION UNDER
                             18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

  ☒ FACTORS CONSIDERED

Defendant Marlin Eugene Mette is a 41-year-old inmate incarcerated at Marion USP, serving a 120-month term of imprisonment for possession of a stolen firearm, possession of a firearm by a convicted felon, possession of a firearm while subject to a restraining order, and possession of a firearm by a person convicted of a misdemeanor crime of domestic violence. (Doc. 57, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 8, 2022. Defendant seeks compassionate release because his 75-year-old mother is in poor health and because she is the "primary care giver" for Defendants' three

underage sons. (Doc. 85, Motion). Defendant states that he has completed numerous programs while incarcerated, including the BOP's 500-hour RDAP program, and that he would have a job and a place to live if released.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, cmt. 1. Under a relevant policy statement, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" may qualify as an extraordinary and compelling circumstance. U.S.S.G. § 1B1.13, cmt. 1(C). However, there is no evidence that Defendant's mother is incapacitated. Defendant states that his 75-year-old mother is the "primary care giver" for his three underage sons, that she is on oxygen for COPD (chronic obstructive pulmonary disease), and that she has "gerd" (gastro-esophageal reflux disease). But Defendant submits no evidence to support these assertions, and the lack of evidence matters because a movant for a sentence reduction bears the burden of proof. See Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337. Even accepting these assertions as true, it is not clear that these conditions debilitate or prevent Defendant's mother from functioning as a caregiver until 2022, when Defendant is due to be released.[1]

The Court further notes that there is no evidence Defendant is the only other person available to care for his children. According to the PSR from November 2014, Defendant has four sons, then aged 13, 11, 10, and 3 years old. (Doc. 55 at ¶¶ 62, 63). Those children would now be 19, 17, 16, and 9 years old (presumably, the three youngest children are the ones in the care of Defendant's mother). The oldest son is

---

[1] Defendant's mother had custody of his children at the time of sentencing. (Doc. 55, Presentence Investigation Report [PSR] at ¶¶ 62, 63). The three oldest children have been in her custody since 2005. (Id. at ¶ 62). According to the PSR, Defendant's mother receives government assistance to help care for the children. (Id. at ¶ 64).

now an adult, and the 17- and 16-year-old sons may be able to assist Defendant's mother with caretaking responsibilities.

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction, and those same factors cast doubt on whether Defendant would be the best person to take over caregiving duties even if his mother could no longer do so.[2] Defendant pleaded guilty to possession of a stolen firearm, possession of a firearm by a convicted felon, possession of a firearm while subject to a restraining order, and possession of a firearm by a person convicted of a misdemeanor crime of domestic violence. (Doc. 57). Defendant was arrested after he and several others burglarized a home in Georgia where firearms, knives, and marijuana were stashed. (Doc. 55 at ¶¶ 9–15). Defendant and his cohorts broke into the home, stole the weapons and contraband, and divided the proceeds among themselves after returning to Florida. As his share of the loot, Defendant took four shotguns and a Ruger rifle. (Id. at ¶ 12). Defendant brought the guns to his mother's residence (id.), where his children would have been staying. Defendant planned to sell the guns because he knew he was not supposed to have them. (Id. at ¶ 14).

Defendant also has a troubling history of violent crime, including crimes of domestic violence. (Id. at ¶¶ 38–41, 43). In 2002, he was convicted of domestic battery

---

[2] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1. See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

after striking his wife on the side of the face and pushing her while she was in the bathroom. (Id. at ¶ 38). The police had to pursue him for 400 yards while yelling at him to stop before apprehending him. In 2003, Defendant was convicted of burglary of an occupied structure and felony battery. (Id. at ¶ 39). In 2010, Defendant was convicted of simple battery following a domestic dispute with his girlfriend. (Id. at ¶ 40). According to the narrative description:

> The defendant slapped his girlfriend while she was talking on the phone. She attempted to leave the residence on several occasions but the defendant barricaded himself by the front door refusing to allow her to leave. The first time she got away, the defendant grabbed her from behind and pulled her inside the house by her hair. The second time she was able to flag down a passing car and get a ride to her sister's home.

(Id.). While Defendant was on probation for that offense, he removed his monitoring device and committed a new law violation. (Id.). Later in 2010, Defendant was again convicted of simple battery. (Id. at ¶ 41). This time, "the defendant physically assaulted a visibly pregnant female inside [a] bar. The defendant was seen pulling the victim's hair and punching her. The defendant was located and forcefully placed on the ground. Subsequently, the defendant had to be tasered before being handcuffed." (Id.). Then, in 2012, Defendant was convicted of violating an injunction for protection. (Id. at ¶ 43). "The defendant choked, punched, and dragged his ex-girlfriend, while the victim had an active Injunction for Protection against the defendant." (Id.).

The foregoing facts suggest three things: (1) Defendant may not be the person most suitable to take over caregiving duties for his children; (2) the Court cannot certify – at this time – that Defendant is not a danger to another person or to the

community, U.S.S.G. § 1B1.13(2); and (3) the § 3553(a) factors do not warrant a reduction in sentence, especially considering the need to promote respect for the law, to afford adequate deterrence, and to protect the public. The Court commends Defendant for completing the RDAP program and for taking steps toward rehabilitation. However, in view of all the circumstances, a sentence reduction is not warranted at this time.

Accordingly, Defendant Marlin Eugene Mette's Motion for Compassionate Release (Doc. 85) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of December, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant